# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

### CIVIL CASE NO. 1:07cv247

| | |
|---|---|
| IN RE: )<br>    DONALD CHARLES POOR, )<br>)<br>Debtor. )<br>Chapter Case No.:03-10962 )<br>_____)<br>)<br>RICHARD L. HARRIS and )<br>THE GALLERIA GROUP, LLC., )<br>)<br>    Appellants, )<br>)<br>        vs. )<br>)<br>DONALD CHARLES POOR, )<br>)<br>    Appellees. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on the Notice of Appeal [Doc. 1], filed July 10, 2007 of Richard L. Harris and The Galleria Group, LLC (Appellants) and the Motion to Supplement the Record on Appeal [Doc. 4], filed September 5, 2007.

1

## PROCEDURAL HISTORY

On August 18, 2003, Donald Charles Poor (Debtor or Appellee) filed a voluntary petition in bankruptcy pursuant to Chapter 7. [Bky. Doc. 1].[1] The Debtor acknowledges that he was business partners with Appellant Harris and that he borrowed funds from both Appellants in February 2003, some six months before filing his bankruptcy petition. [Id., Doc. 6]. Despite acknowledging that he conducted such business with the Appellants, the Debtor failed to list either of them as creditors in his petition. [Id.]. The Debtor's bankruptcy case was closed and he received a discharge order on October 29, 2004. [Bky. Doc. 27].

At an undisclosed time thereafter, Richard L. Harris (Harris) filed a lawsuit against the Debtor in state court in Georgia. [Bky. Doc. 29, filed March 30, 2007]. As a result, the Debtor moved to re-open his Chapter 7 case so that he could add the pre-petition debt of Harris and The Galleria Group. [Id.]. After a hearing, the Bankruptcy Court ruled that the case should be re-opened solely for the purpose of adding the pre-petition debt of the Appellants as creditors. [Bky. Doc. 33, filed June 29, 2007]. He also allowed the Appellants ninety days within which to file an objection to the

---

[1] Citation to documents filed only in the Bankruptcy Court is made by reference to "Bky. Doc."

discharge of their claims. [Id.]. The Appellants timely filed notice of appeal. On October 29, 2007, the Bankruptcy Court stayed its order re-opening the case pending the disposition of this appeal. [Bky. Doc. 46].

## DISCUSSION

In response to a scheduling order, the parties have filed their briefs on appeal. [Doc. 5, filed September 5, 2007; Doc. 6, filed September 19, 2007]. The Appellee, in his brief, raised the issue of whether this is an interlocutory appeal. If he is correct, that issue is dispositive of the appeal. Thompson v. Crafton, 2007 WL 2229565 **1 (W.D.Ky. 2007) (the first question the court must consider is jurisdiction), *citing* United States v. Yeager, 303 F.3d 661, 664 (6th Cir. 2002); FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231, 110 S.Ct. 596, 107 L.Ed.2d 603 (1990), *overruled on other grounds*, City of Littleton v. Z.J. Gifts D-4, LLC, 541 U.S. 774, 124 S.Ct. 219, 159 L.Ed.2d 84 (2004) ("The federal courts are under an independent obligation to examine their own jurisdiction."); Interstate Petroleum Corp. v. Morgan, 249 F.3d 215 (4th Cir. 2001).

28 U.S.C. §158(a) provides district courts with jurisdiction to hear appeals from final judgments, orders and decrees of bankruptcy judges

3

and, with leave of court, from other interlocutory orders and decrees of bankruptcy judges. 28 U.S.C. §158(a). This language "'does not permit [a district] court to review ... a purely interlocutory order of the bankruptcy judge.'" In re Truong, 513 F.3d 91, 94 (3rd Cir. 2008), *quoting* In re Jeannette Corp., 832 F.2d 43, 45 (3rd Cir. 1987). In order for "a bankruptcy court order to be final ... it must completely resolve all of the issues pertaining to a discrete claim ... ." In re Fugazy Express, Inc., 982 F.2d 769, 776 (2nd Cir. 1992).

> [C]ourts do not regard an order reopening a debtor's estate as a final determination adverse to any party. In fact, some courts have indicated that no party would have standing to challenge such an order at the time it is issued because the party would not yet have suffered an injury.

In re Plumlee, 236 B.R. 606, 609-610 (E.D.Va. 1999).

"A bankruptcy court's order granting the trustee's motion to reopen is not final if it leaves unresolved questions," such as, in this case, whether a creditor's objection to discharge should be granted. Kountaki v. Johnson, 2007 WL 4570161 **2 (S.D.Tex. 2007). "The order only reopened the case. The bankruptcy court has not yet addressed the merits of [the creditor's objections]." Id.; In re Gaines, 932 F.2d 729, 731-32 (8th Cir. 1991) (bankruptcy court's order reopening and extending time for objecting

to the debtor's discharge was not final and appealable). In fact, the "order of the bankruptcy judge requires subsequent litigation in order to determine the effect the discharge order had" on the dischargability of the Appellants' claim. Thompson, 2007 WL 2229565 at **2; In re Heckert, 272 F.3d 253, 256 (4th Cir. 2001) (finding jurisdiction over appeal which "flows directly from review of a motion and decision made in the reopened case[.]"). In other words, until the Bankruptcy Court rules on any objections filed to discharge of this debt, there is no final, appealable order. In re F.D.R. Hickory House, Inc., 60 F.3d 724 (11th Cir. 1995); In re Fugazy, supra. (in order for bankruptcy court order to be final, it must completely resolve all of the issues pertaining to a discrete claim); In re Cutter, 2006 WL 2482674 (E.D.N.Y. 2006) (the bankruptcy court's order to reopen a case was not final because it did not completely resolve a discrete dispute); In re Sheckard, 386 B.R. 118, 121 n.1 (E.D.Pa. 2008) (appeal from order re-opening case would have been interlocutory); In re Swyter, 263 B.R. 742, 748 (E.D.Va. 2001) (a final determination is dependent on additional actions that have not yet occurred).

> The [Appellants'] appeal from the bankruptcy court therefore must proceed, if at all, under 28 U.S.C. §158(a)(3). To proceed under that provision, they must file a motion for leave to appeal with the district court in accordance with Fed.R.Bankr.P. 8003.

> Nevertheless, if the appellant fails to file the required motion but files a timely notice of appeal, Rule 8003(c) requires the district court to make one of the following three choices: (1) grant leave to appeal, (2) order the party to file a motion for leave to appeal, or (3) deny leave to appeal after considering the notice of appeal as a motion for leave to appeal.

In re Faragalla, 422 F.3d 1208, 1211 (10th Cir. 2005). Ruling on the merits of the appeal without first considering one of the three choices is error. Id.

The undersigned will consider the timely filed notice of appeal as a motion for leave to appeal an interlocutory order. When deciding whether to grant leave to appeal an interlocutory order from Bankruptcy Court, district courts employ an analysis pursuant to 28 U.S.C. §1292(b). In re Swyter, 263 B.R. 742 at n.5. In other words, does the order involve a controlling question of law as to which there is substantial ground for a difference of opinion and will an immediate appeal materially advance the termination of the litigation. 28 U.S.C. §1292(b). In addition, "the appellant must demonstrate 'that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" KPMG Peat Marwick, L.L.P. v. Estate of Nelco, Ltd., 250 B.R. 74, 78 (E.D.Va. 2000).

The Court finds that this order does not fit within the parameters of

6

either §1292(b) or exceptional circumstances. The order re-opening the case is a ministerial order that will allow the issue of dischargeability to be litigated. Id. ("The Fourth Circuit has stated regarding the term 'controlling question of law' that '[c]ertainly the kind of question best adapted to discretionary interlocutory review is a narrow question of pure law whose resolution will be completely dispositive of the litigation[.]'"), *quoting* Fannin v. CSX Transp., Inc., 873 F.2d 1438, 1989 WL 42583 **5 (4th Cir. 1989); In re Kreutzer, 249 Fed.Appx. 727 **2 (10th Cir. 2007) ("act of reopening a closed bankruptcy ... is a purely ministerial act"); In re Valley Business Center, 204 Fed.Appx. 608 (9th Cir. 2006) (reopening order ministerial and interlocutory); In re Bloxsom, __ B.R. __, 2008 WL 2380952 (W.D.Mich. 2008); In re Haralambous, 257 B.R. 697 (D.Conn. 2001) (reopening bankruptcy case is ministerial act that allows the court to receive a new request for relief). Thus, since the order does not involve a controlling question of law or an exceptional circumstance, leave may not be granted. KPMG Peat Marwick, 250 B.R. at 79 ("If any one element is unsatisfied, leave to appeal cannot be granted."). "In this case, the order[] from which this appeal ha[s] been taken will be reviewable in connection with an appeal lodged from a final decision in this [matter]." In re Denton, 236 B.R.

418 (10th Cir. BAP 1999).

**ORDER**

**IT IS, THEREFORE, ORDERED** that this appeal is hereby **DISMISSED** and

**IT IS FURTHER ORDERED** that the Motion to Supplement the Record on Appeal [Doc. 4] is hereby **DENIED** as moot.

Signed: August 21, 2008

Martin Reidinger
United States District Judge